# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JEREMIAH FELTON,**

    **Petitioner,**

    **v.**                                                         Case No. 14-CV-965

**BRYAN BARTOW,**

    **Respondent.**

## ORDER

    Jeremiah Felton appeals a judgment denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 22.) Felton has also filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 26.) When a prisoner seeks to appeal a civil action without prepayment of fees, in addition to filing his affidavit of indigency, he is required to submit a certified copy of his prison trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the petition. 28 U.S.C. § 1915(a)(2). Felton previously submitted his affidavit of indigency, but failed to provide the Court with a certified copy of his prison trust fund account statement. Felton was ordered to provide a certified copy of his prison trust fund account statement on May 15, 2018. (Docket # 27.)

    On June 8, 2018, Felton moved to file an uncertified copy of his prison trust fund account statement. (Docket # 29.) Felton states that he believes he will be unsuccessful in obtaining a certified copy of his prison trust fund account statement because he has serious limitations that make it difficult to complete the paperwork to obtain a legal loan to pay the $1.00 copy cost for the certified

copy and to understand the form allowing him to request a certified copy of his account statement. (*Id.* at 2-3.)

Although the statute requires that Felton provide a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the notice of appeal, 28 U.S.C. § 1915(a)(2), I will accept Felton's uncertified copy of the prison trust account statement for purposes of addressing his motion for leave to proceed without prepayment of the filing fee.

Felton states in his affidavit that he is unable to pay the filing fee and that he believes he is entitled to redress. (Docket # 26-1 at 1.) Although Felton fails to list the issues he intends to present on appeal, I assume that he will raise the same issues he raised before this Court, namely that his trial counsel was constitutionally ineffective in two respects: (1) counsel performed deficiently by failing to object to the prosecutor's statement during closing arguments that House could not benefit from testifying and (2) counsel performed deficiently by failing to present credible expert medical testimony that contradicted the State's medical testimony. (Docket # 20.)

I will grant Felton permission to proceed without prepayment of the filing fee. I conclude that he cannot pay the $505.00 filing fee. Felton's six-month prisoner trust fund account shows a staring and ending balance of $0.00. (Docket # 28-1.) Further, I concluded that Felton's claims met the standard for issuing a certificate of appealability; thus, I cannot conclude that his appeal is not taken in good faith. Accordingly, Felton's motion to proceed without prepayment of the filing fee on appeal will be granted.

**NOW, THEREFORE, IT IS ORDERED** that Felton's motion for leave to appeal without prepayment of the filing fee (Docket # 26) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Felton's motion to substitute an uncertified copy of his prison trust fund account statement (Docket # 29) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 11th day of June, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge